UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-2-13
```

A.T. KEARNEY, INC.

                Plaintiff(s),

    - against -

GLOBAL CROSSING
TELECOMMUNICATIONS, INC

               Defendant(s).

-----------------------------------------------------------x

11 Civ. 05035 (PAC)

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

**ALL DATES MUST BE TYPED NOT HANDWRITTEN.**

    This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1. All parties (consent) (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).   [Circle one.]   [If all consent, the remaining paragraphs need not be completed. The parties must submit a magistrate consent form located on my SDNY webpage.]

2. This case (is) (is not) to be tried to a jury. [Circle one.]

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. See pre-motion conference requirement located in my Individual Practices.

4. Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed by: ___/___/20___.

5. All _fact_ discovery shall be completed no later than 6 / 3 / 2013 . [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a.    Initial requests for production of documents to be served by: 2 /17 / 2012 (already filed)
    b.    Interrogatories to be served by: 1 /18 / 2013 .
    c.    Depositions to be completed by : 6 /3 / 2013 .

      d.    Requests to Admit to be served by: _6_ / _3_ / 20_13_.

7.    a.    All <u>expert</u> discovery shall be completed no later than: _7_ /_19_ / 20_13_ .*
[Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery.]

    b.    No later than thirty (30) days <u>prior to</u> the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)['] expert report(s) shall be due before those of defendant(s)['] expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

_____
_____
_____

    b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: <u>The parties already had a settlement conference before Magistrate Judge James Cott but did not resolve this matter.</u>

    c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (<u>e.g.</u> within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)
    N/A

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions <u>in limine</u> (for which the pre-motion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date.

* The parties may seek leave of the Court at a later date to extend this deadline.

Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: _____.

13. The "dates" column below shall be filled out by counsel. **ALL DATES MUST BE TYPED NOT HANDWRITTEN.**

| 13. Civil Case Management Plan Requirement | Dates: |
|---|---|
| Initial Disclosure pursuant to Rule 26(a)(1), Fed.R.Civ.P. to be served no later than | / / 20 |
| All fact discovery to be completed no later than: | 6/3 /2013 |
| Discovery - initial requests for production of documents to be served no later than: | 2/17 2012 |
| Discovery - interrogatories to be served no later than: | 1/18/ 2013 |
| Discovery - depositions to be completed no later than: | 6/ 3 /2013 |
| Discovery - requests to admit to be served no later than: | 6/ 3 /2013 |
| All expert discovery to be completed no later than: | 7/ 19 2013 |
| Parties to meet to confer on scheduled for expert disclosures no later than: | 4/30/ 2013 |
| All counsel to meet face-to-face to discuss settlement no later than: | 6/10/ 2013 |
| Date recommended by counsel for alternate dispute resolution: | / / 20 |

---

**TO BE COMPLETED BY THE COURT:**

14. The next conference is scheduled for: 5 / 15 /20 13 @ 4 : 00 AM / PM in Courtroom 11D. The 4-18-13 PTC is marked off the calendar.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than two (2) days prior to the expiration of the date sought to be extended.

_____
Paul A. Crotty
United States District Judge

Dated: April 2 /2013
New York, NY

**COHEN & GRESSER LLP**

800 Third Avenue
New York, New York 10022
212 957 7600 phone
212 957 4514 fax
www.cohengresser.com

Alexandra Wald
212 957 7007
awald@cohengresser.com

April 1, 2013

VIA EMAIL
Hon. Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Chambers 735
New York, New York 10007

Re: *A.T. Kearney, Inc. v. Global Crossing Telecommunications, Inc.*,
11 Civ. 5035 (PKC)

Dear Judge Crotty:

We are counsel to Plaintiff A.T. Kearney, Inc. in the above-referenced matter. We write to request that the Court adopt the parties' Scheduling Order, appended to this letter. This Court has previously granted three extensions to allow the parties to explore settlement and complete discovery. The parties previously met to discuss settlement but were unable to resolve the dispute and have continued to hold meet-and-confers regarding outstanding discovery. The parties have exchanged significant documents and anticipate completing document production and depositions that are currently being scheduled before the discovery cut-off date reflected in the attached Scheduling Order. Accordingly, we submit jointly the attached proposed schedule for the remainder of the case. In addition, we write to request that Court adopt the proposed Protective Order, stipulated and signed by the parties and appended to this letter.

We have conferred with counsel for Defendant Global Crossing Telecommunications, Inc., copied on this letter. Defendant consents to the proposed Scheduling Order and proposed Protective Order enclosed herein.

Respectfully submitted,

Alexandra Wald
*Counsel for Plaintiff A.T. Kearney, Inc.*

CC: Counsel for Global Crossing Telecommunications, Inc.
    (via email)