UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.T. KEARNEY, INC.,

                 Plaintiff,

- v -

GLOBAL CROSSING TELECOMMUNICATIONS, INC.

                 Defendant.

11 Civ. 5035 (PAC)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-2-13

## JOINT STIPULATION AND PROTECTIVE ORDER

WHEREAS, discovery in the above entitled action may involve the disclosure of confidential material relating to the subject matter of this litigation;

WHEREAS, the parties desire to limit the extent of disclosure and use of such confidential material, and to protect such confidential material from unauthorized use and further disclosure, and wish to insure that no advantage is gained by any party through the use of such material in this litigation;

NOW, THEREFORE, HAVING BEEN STIPULATED AND AGREED by and between the parties, through their respective counsel, subject to the approval of the Court, the parties request that the Court enter the following Protective Order pursuant to Fed. R. Civ. P. 26(c):

IT IS HEREBY ORDERED THAT:

1.     Designation of Confidentiality. This Protective Order shall apply to all information, documents, electronic documents, electronically stored information, things, exhibits, discovery responses and testimony designated in good faith as constituting or containing confidential material by parties and non-parties in this litigation pursuant to the

provisions of this Order. Any information or other data produced and/or exchanged between the parties, and any other information contained in responses to Interrogatories, Document Requests, Requests for Admissions, or in any other discovery, including, but not limited to, deposition testimony and deposition exhibits, which any party believes in good faith is of a proprietary and confidential nature, may be designated as "CONFIDENTIAL" by any other party. In addition the designating party may further designate such information as "HIGHLY CONFIDENTIAL," subject to the provisions of this Protective Order, which includes financial information or trade secrets of a designating party's customer or client. All information and data so designated, and all copies or other reproductions thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order or any other Order of the Court as may amend this Order; provided, however, that counsel for the party designating information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order; and provided further that nothing in this Order shall prevent any party from challenging the designation of any information or data as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2. <u>Use of Information Obtained During Litigation.</u> Confidential Information shall be used solely and exclusively for the purpose of prosecution or defense of this action and may be used, consistent with the terms of this Order, in pretrial discovery and at the trial or preparation for trial and any appeals of this action. In no event shall Confidential Information be used for any competitive or commercial purpose nor shall Confidential Information be used in any way by the recipient in connection with the prosecution, filing, and/or modification of any patent or copyright applications. The use of Confidential Information at depositions, evidentiary hearing

or trial shall not be deemed a waiver of protections of this Order, and the parties and their attorneys shall be required to comply with the terms of this Order.

3. <u>Definition of "Confidential."</u> For purposes of this Protective Order, Confidential Information shall be information or tangible things that the designating party believes in good faith qualifies for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure as non-public confidential and/or proprietary information, whether personal or business related. Absent a specific order by this Court, once designated as Confidential Information, such material shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4. <u>Scope.</u> The scope of this Protective Order shall be understood to encompass not only those items or things which encompass or constitute Confidential Information, but also any information derived therefrom and all excerpts and summaries thereof, as well as testimony and oral conversation related thereto.

5. <u>Labeling of Documents.</u> Either party may designate Confidential Information pursuant to the terms of this Order by affixing to each page thereof a stamp with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." To the extent one party seeks to designate as Confidential Information, documents produced by another party or third party, the designating party may do so by providing a copy of the produced document with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6. <u>Right to Object.</u> If a party at any time prior to trial believes that Confidential Information has been improperly designated, the following procedure shall be used to resolve the issue. The objecting party shall provide a written objection to the designating party specifying

the Confidential Information to which it objects to being designated, and the nature of the objection. The parties shall arrange to personally or telephonically meet and confer within two (2) business days after receipt of the written objection. If the parties cannot reach an agreement regarding the objections, relief may be sought from the Court after the time to meet and confer has expired.

    7.    <u>Disclosure of Confidential Information.</u> Neither Confidential Information nor its contents shall be disclosed except as set forth herein:

    a.    With respect to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," attorneys for the respective parties and their respective paralegal staff and legal assistants, and other employees of the attorneys who have a need to handle the Confidential Information under normal office procedure;

    b.    With respect to information designated as "CONFIDENTIAL" only, current officers, directors and managerial employees of the parties to this action,;

    c.    With respect to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," actual and potential witnesses or deponents and their counsel, during the course of, or to the extent necessary counsel in good faith believes is necessary to prepare for, deposition, hearing or trial.

    d.    With respect to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," experts or consultants retained by the parties for the purposes of assisting in the prosecution or defense of this action;

    e.    With respect to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," photocopy, graphics or design services retained by counsel for a party for purposes of preparing copies or demonstrative or other exhibits for use in this litigation;

      f.     With respect to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," this Court and its staff;

      g.     With respect to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action; and

      h.     With respect to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," any other person upon order of the Court or upon written consent of the party producing.

8. <u>Filing with Court.</u> All documents of any nature, including briefs, that have been designated, in part or in whole, as containing Confidential Information shall be filed with the Court under seal pursuant to the rules of the Clerk of this Court. Notwithstanding the above, a party may file documents that it designates as Confidential Information without filing those documents under seal if it so choose.

9. <u>Protection of Confidential Information.</u> Each and every recipient of any Confidential Information that is provided pursuant to this Protective Order shall maintain the same in a secure and safe area, and the recipients shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of all such Confidential Information as is exercised by a reasonably prudent person in like circumstances.

10. <u>Inadvertent Production of Confidential Material.</u> If a party or third party inadvertently produces or discloses any Confidential Information without designating it as such, they may give written notice to all other parties that such information is Confidential Information, along with copies of the same properly designated as provided herein. Upon receipt of such notice and such copies, a receiving party shall either return previously produced copies to

5

the party or third-party producing the document or counsel may certify that the information was destroyed.

11. <u>Inadvertent Production of Privileged or Work Product Material.</u> If a party or third-party inadvertently produces material that they later discovers or in good faith assert to be privileged pursuant to the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity, the production of such material shall not be deemed to constitute a waiver of such privilege or protection. The parties intend the non-waiver of the privilege for such inadvertent productions to be recognized irrespective of the due care exercised by the producing party; the producing party need not establish, as a precondition to maintaining the privilege, that it took reasonable steps to prevent disclosure. Upon learning that privileged material was inadvertently produced, the producing party must immediately notify in writing the receiving party of the inadvertent production. Within five (5) business days of receiving such notification, the receiving party shall return, sequester (*i.e.*, shall not use such information for any purpose, other than the motion permitted in this Paragraph 11, unless allowed by order of the Court) or confirm in writing the destruction of all such material, including any summaries thereof. Such return, sequestration, or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the material for reasons other than its inadvertent production and shall not constitute an admission by the receiving party that the materials were, in fact, privileged or protected by the work product doctrine. If a motion to compel production is filed, the moving party shall be entitled to retain one copy of the disputed document for use in resolving the dispute.

12. If any party receives a subpoena or other legal process commanding the production or other disclosure of any Confidential Information ("Subpoena"), that party shall

6

notify by telephone or in writing counsel for the party designating the material as Confidential Information of the service of the Subpoena within five (5) business days of the receipt of such Subpoena. The party receiving the Subpoena shall not produce the Confidential Information until the last day required by law, in order to allow the designating party time to seek relief as it deems appropriate. Nothing herein shall require any party to disobey any relevant statute, Federal Rule of Civil Procedure, rule of court or court order.

13. <u>Unauthorized Disclosure.</u> Without waiver of any other remedy, in the event of disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material to a person not authorized for access to such material in accordance with this Protective Order, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose Confidential Information has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party also promptly shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such Confidential Information is made. Each party shall cooperate in good faith in that effort.

14. <u>No Admission or Prejudice.</u> Producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a.    operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

    b.    prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

  c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced; or

  d. prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

  15. <u>Conclusion of Litigation</u>. The Confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction to enforce the terms of this Order. At the conclusion of this litigation, including any appeals which may be filed, the following steps shall be taken:

  a. Within a reasonable time, counsel for each party which has received Confidential Information shall either assemble and return to the disclosing party such Confidential Information or shall certify to the disclosing party that such Confidential Information has been destroyed; provided, however, that if any such Confidential Information has been incorporated into work product materials, those materials shall either be destroyed or portions thereof containing such Confidential Information excised and destroyed; and further provided that counsel may retain one (1) copy of any affidavit, brief memorandum or other document containing such Confidential Information that was filed with the Court, but shall continue to treat it as Confidential Information pursuant to the terms of this Protective Order;

  b. Within a reasonable time, counsel for each party which has received Confidential Information shall furnish to the disclosing party copies of the certificates referred to in sub-paragraph (a) hereof if destruction is the chosen option; and

    c.    The Clerk of the Court upon written request by either party shall return to the counsel who filed Confidential Information with the Court all documents, transcripts and other writings (and all copies thereof) that contain such information filed by that counsel with the Court; upon receiving such information from the Clerk of the Court, counsel shall follow the procedures of subpart (a) of this paragraph if and to the extent that such information was designated as such by another party.

16.    <u>Modification of Order.</u>  Either party may at any time and for any reason seek modification of this Protective Order. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

17.    <u>Third Party Discovery.</u>  If discovery is sought from third parties, such third parties may designate any information or deposition testimony which they provide as Confidential Information pursuant to the terms of this Protective Order in the same manner as the parties.

18.    <u>Acknowledgement by Counsel.</u>  All counsel for the parties who have access to Confidential Information acknowledge they are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

19.    <u>Agreement to be Bound.</u>  The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative that is satisfactory to the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court. The parties hereto agree to submit this Protective Order to the Court within one business day after its execution and request that it be entered.

Dated: ~~March~~ April 1, 2013

By: /s/ Alexandra Wald /NSP
Alexandra Wald
(awald@cohengresser.com)
Cohen & Gresser LLP
800 Third Avenue
New York, New York 10022
(212) 957-7600

*Attorneys for Plaintiff*

Dated: ~~March~~ April 1, 2013

By: /s/ James J. Stricker
James J. Stricker
(jstricker@kasowitz.com)
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York
(212) 506-1700

David H. Tennant
(dtennant@nixonpeabody.com)
Nixon Peabody LLP
1300 Clinton Square
Rochester, New York 14604

*Attorneys for Defendant*

SO ORDERED:

New York, NY
Dated: April 2, 2013

_____
District Judge

10