UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

A.T. KEARNEY, INC.,

    Plaintiff,

        - against -

GLOBAL CROSSING
TELECOMMUNICATIONS, INC.

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 11, 2013

11 Civ. 5035 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff A.T. Kearney, Inc. ("Kearney") brings this action against defendant Global Crossing Telecommunications, Inc. ("Global Crossing") asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, *quantam meruit* and promissory estoppel. Neither party moved to dismiss or for summary judgment, but both have submitted pretrial motions *in limine*. Specifically, Kearney moves to exclude all evidence or argument regarding expenses submitted by Kearney in connection with its work for Global Crossing, and Global Crossing moved to exclude testimony of a witness it asserts was not properly identified during the discovery process and to exclude all evidence or argument related to *quantum meruit*. For the reasons set forth below, the motion to exclude evidence and argument relating to Kearney's expenses is granted, as limited below; the motion to exclude the testimony of Renata Kuchembuck is denied; and the motion to exclude evidence and argument relating to *quantum meruit* is denied.

1

## DISCUSSION

**I.   Exclusion of Evidence or Argument Relating to Kearney's Expenses**

Kearney asserts that it is "entitled to money damages in the amount of its full contingency fee" (Compl. ¶ 121; see also id. at ¶ 125), which it calculates as "ranging between $0.8 million and $1.66 million" (id. at ¶ 43), or, alternatively, "compensation in the amount of the reasonable value of the consulting services it provided to Global Crossing." (Id. at ¶ 131.) The original terms upon which the parties agreed are contained in their November 3, 2010, Engagement Letter, which includes provisions for a $525,000 fixed fee, a formula to determine Kearney's contingency fee, and for payment of expenses. (See Compl. Ex. A at 9-10.) Kearney acknowledges that it has received payment for all expenses for which it sent invoices to Global Crossing. (Wald Decl. ¶ 5.) It now argues that evidence relating to its expenses is irrelevant, unduly wasteful of time, and that challenges to the propriety of Kearney's expenses is time-barred. Kearney responds that it "does not intend to make [Kearney's] improper expenses a significant, if any, part of its defense in this action," but that they may be relevant for other purposes, contingent upon Kearney's trial strategy. (Def. Opp'n at 1.)

The parties' Engagement Letter incorporated by reference "applicable terms and conditions" that were attached to it as Exhibit A. (Compl. Ex. A. at 10.) The General Terms and Conditions attached thereto, in turn, specified that invoiced expenses would "not be considered to be the subject of a bona fide dispute between the parties unless [Global Crossing] notifies [Kearney] within 30 days of the due date of the specific items in dispute and describes in detail the reasons for disputing each item," which is necessary "for purposes of permitting [Kearney] a reasonable opportunity to address the disputes." (Id. at 17.) Since the final expenses invoice was submitted to Global Crossing on May 20, 2011 (Wald Decl. Ex. B) and approved for

payment by Global Crossing on August 11, 2011 (Wald Decl. Ex. C), it is long past the appropriate time for any disputes regarding the propriety of Kearney's expenses invoices.  See Xuchang Rihetai Human Hair Goods Co., Ltd. v. Hanyu Int'l USA Inc., No. 00 Civ. 5585, 2001 WL 883646 at *4-5 (S.D.N.Y. Aug. 7, 2001).  Evidence of Global Crossing's prior payments to Kearney for its expenses is hereby precluded from being offered into evidence for the purposes of offsetting any damages for which Global Crossing may be found liable under breach of contract or breach of the implied covenant of good faith and fair dealing.

At this time, the Court does not address the relevance of evidence relating to Kearney's expenses if offered for any other purpose because doing so would constitute an advisory opinion based upon trial strategies that may or may not be utilized by the parties.

**II.     Exclusion of Witness Testimony**

In relevant part, Fed. R. Civ. P. 26(a)(1)(A)(i) requires parties to initially disclose "each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses," and Fed. R. Civ. P. 26(e)(1)(A) requires parties to supplement or correct their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other part[y]."  "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  The Second Circuit has warned that "[t]he refusal to  allow [a witness] to testify" is "an extreme sanction in any case," and one which may have "an excessively harsh effect." Outley v. City of New York, 837 F.2d 587, 590 (2d Cir. 1988).  "The purpose of the rule is to prevent the practice of sandbagging an opposing

party with new evidence." Haas v. Del. & Hudson Ry. Co., 282 Fed. App'x 84, 86 (2d Cir. 2008) (internal quotations omitted).

Kearney made its initial disclosures on December 13, 2011, pursuant to Fed. R. Civ. P. 26(a)(1). In it, Kearney disclosed the identities of eight individuals, including four of its own employees, that it expected to have knowledge relevant to the instant litigation. This list did not include Renata Kuchembuck, a Kearney employee that it now intends to call as a trial witness, and to whom Global Crossing objects. Nevertheless, Kearney first disclosed to Global Crossing in a March 19, 2012 interrogatory response that Kuchembuck was "involved with, or ha[d] knowledge of the Engagement" between Kearney and Global Crossing. (Wald Decl. Ex. A at 4-5.) Thereafter, Kuchembuck was discussed several times throughout the discovery process, including, *inter alia*, (1) in an October 17, 2012, request by Kearney that Global Crossing search its electronic documents for the terms "renata" and "kuchembuck" (Wald Decl. Ex. B at 2); (2) in a November 1, 2012, email from Kearney to Global Crossing stating that Kearney would produce electronic documents from Kuchembuck's custodial files (Wald Decl. Ex. C at 1-2); and (3) in June 14, 2013 interrogatory responses, in which Kearney identified Kuchembuck as having been "involved with, or hav[ing] knowledge of the Engagement between] Kearney and Global Crossing (Wald Decl. Ex. E a 4-5), and as a non-lawyer who had "concluded that Global Crossing was not meeting its obligations under the Engagement Letter and Engagement." (Id. at 7-8.) Moreover, over one thousand documents relating to Kuchembuck have been produced over the course of discovery. (Wald Decl. at ¶ 7.)

Based on these disclosures, "the Court is convinced that [Global Crossing was] sufficiently aware of the existence and relevance of [Kuchembuck] so that [it is] not being subjected to trial by ambush." Lore v. City of Syracuse, No. 05 Civ. 1833, 2005 WL 3095506, at

*2 (N.D.N.Y. Nov. 17, 2005).  Global Crossing's motion is therefore denied.

### III.     Exclusion of Evidence or Argument Relating to *Quantum Meruit*

"*Quantum meruit* is an equitable doctrine, allowing recovery 'when one should be compensated . . . in order to prevent the unjust enrichment of another.'"  Stanback v. JPMorgan Chase Bank, N.A., No. 10 Civ. 4155, 2012 WL 847426, *6 (E.D.N.Y. Mar. 13, 2012) (quoting Newman & Schwartz v. Asplundh Tree Expert Co., 917 F. Supp. 265, 270 (S.D.N.Y. 1996)).  While New York law generally "does not permit recovery in *quantum meruit* . . . if the parties have a valid, enforceable contract that governs the same subject matter as the *quantum meruit* claim," Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175 (2d Cir. 2005) (quoting Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 69 (2d Cir. 2000)), "[a]n exception lies where the defendant has frustrated the plaintiff's performance of his duties under the contract."  Knobel v. Manuche, 536 N.Y.S.2d 779, 781 (App. Div. 1989).  Although Kearney acknowledges that it "provided management consulting services pursuant to an executed engagement latter" (Compl. ¶ 2), it alleges both that "Global Crossing breached the Engagement Letter" and that the agreement's execution was "frustrated . . . by [Global Crossing] unilaterally removing key pieces of work from the scope of . . . Kearney's engagement, thereby preventing the occurrence of conditions precedent to  . . . Kearney's performance."  (Id. at ¶ 3.)  Although Kearney cannot recover twice for the same actions by Global Crossing, it "is not precluded from proceeding on both breach of contract and quasi-contract theories."  Curtis Props. Corp. v. Greif Cos., 653 N.Y.S.2d 569, 571 (App. Div. 1997).  Global Crossing's motion is therefore denied.

### CONCLUSION

For the foregoing reasons, the motion to exclude evidence and argument relating to Kearney's expenses is granted, as modified.  The motions to exclude Kuchembuck's testimony

and to exclude evidence and argument relating to *quantum meruit* are denied. The Clerk of Court is directed to terminate the motions at docket numbers 26, 29 and 32.

Dated: New York, New York

September 11, 2013

SO ORDERED

*Paul A. Crotty*
PAUL A. CROTTY
United States District Judge